Duane J. Babcock et al., Appellees, v. William C. Regelin et al., Appellants.

Gen. No. 20,890. (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. A. D. WEBB, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed March 28, 1916.

### Statement of the Case.

Action on the common counts by Duane J. Babcock and Grace Babcock, his wife, plaintiffs, against William C. Regelin and William Jensen, defendants. From a judgment for $426.50 in favor of plaintiffs, defendants appeal.

T. F. MONAHAN, for appellants.

A. G. DICUS, for appellees.

MR. JUSTICE McGOORTY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Babcock v. Regelin, 198 Ill. App. 432.

## Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 9*—*when principal bound by acts of agent.* By permitting another to hold himself out to the world as his agent, the principal adopts his acts, and will be held bound to the person who gives credit thereafter to the other in the capacity of his agent.

2. PRINCIPAL AND AGENT, § 8*—*when evidence sufficient to establish agency to collect note and mortgage.* In an action to recover the proceeds of a note and mortgage alleged to have been collected by defendants' agent, evidence *held* sufficient to sustain a finding that plaintiffs were justified in presuming that defendants' salesman was authorized to act as agent of defendants in collecting the proceeds of the note and mortgage.

3. PRINCIPAL AND AGENT, § 246*—*when existence of agency question for jury.* In an action in assumpsit where defendants' salesman assumed to act as agent of defendants in the matter of collecting the proceeds of a note and mortgage, and one of defendants paid over such proceeds to such salesman, *held* that it was a question for the jury to determine whether such defendant knew that such proceeds belonged to plaintiffs.

4. PRINCIPAL AND AGENT, § 223*—*when plaintiff relieved of burden of proving joint liability of principal and agent.* Where no affidavit is filed in an action of assumpsit denying the joint liability of a principal and an agent for the proceeds of a note and mortgage collected by the agent and no evidence is produced disproving same, under Hurd's Rev. St., ch. 110, sec. 54 (J. & A. ¶ 8591), plaintiffs are relieved from the burden of proving joint liability in the first instance.

5. APPEAL AND ERROR, § 1468*—*when admission of irrelevant evidence as to authority of agent harmless error.* In an action to recover the proceeds of a note and mortgage given as part of the purchase price of land in which the question involved was the authority of a salesman of defendants to act for defendants in collecting such note and mortgage, *held* that the admission of letters signed by defendants' salesman and written more than a year prior to the time when the note and mortgage was given by plaintiffs to defendants' salesman for collection, and which merely related to the sale of the farm, was not prejudicial error.

6. PRINCIPAL AND AGENT, § 8*—*when evidence sufficient to show collection of note and mortgage by agent.* In an action to recover the proceeds of a note and mortgage alleged to have been collected by defendants' agent, evidence *held* sufficient to establish that the note and mortgage were given to defendants' agent and that he

collected the proceeds thereon, it appearing that such agent admitted that he had received such note and mortgage and that he had sent them to two different banks for collection.